

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
APR 2 7 2009
Apr 27. 2009
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

STEVE LISCANO,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

09CV1347

Case No. 09-C-1347

**HONORABLE JAMES F. HOLDERMAN**

U.S. DISTRICT COURT JUDGE

MOVANT'S MOTION FOR LEAVE TO SUPPLEMENT
THE ORIGINAL 28 U.S.C. SECTION 2255 MOTION
TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND
MEMORANDUM OF LAW IN SUPPORT, PURSUANT TO FEDERAL
RULES OF CIVIL PROCEDURE 15(d) OR APPLICABLE LAW

    NOW COMES the Movant STEVE LISCANO, in pro se and hereby respectfully moves this Honorable Court pursuant to Fed.R.Civil.P 15(d) or any other applicable law for leave to supplement the original 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence and memorandum of law in support filed with this court on or about March 3, 2009 (see Dkt. # 1). In support thereof, Movant states as follows:

    On March 30, 2009, this court entered an order suggesting that any request by Movant made to supplement his filed 2255 motion and supporting memorandum of law be preceded by a formal motion for leave. See Dkt. # 5, dated 3/30/2009.

    In the original pleading(s) filed with this court on or about March 3, 2009, Dkt. # 1, Movant gave notice that by a date certain (April 25, 2009), he would supplement each claim presented in an attempt to adequately plead sound ineffective assistance of counsel claims in order to meet all prongs necessary

under Strickland v. Washington.

## ARGUMENT

On a motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading. Rule 15(d); Black v. Secretary of H&HS, 93 F.3d 781, 789 (Fed.Cir. 1996); Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir. 1995).

The court may permit supplementation of the original pleading, even when the pleading is defective in stating a claim or defense. Rule 15(d); see Black, 93 F.3d at 789-90 (jurisdictional defect may be cured by supplemental pleading under Rule 15(d).

Unlike amended pleadings, the circumstances under which supplemental pleadings may relate back have not been codified. However, most courts apply the relation back principles to supplemental pleadings. FDIC v. Knostman, 966 F.2d 1133, 1138-39 (7th Cir. 1992).

This court should give leave to supplement freely because in the instant case justice requires so. See generally Rule 15; also see Foman v. Davis, 371 U.S. 178, 182 (1962).

## CONCLUSION

WHEREFORE, all premises considered, this court should grant the leave to supplement sought by Movant and enter an order authorizing the same.

Dated: 4-20-09

Respectfully submitted,

_Steve Liscano_
STEVE LISCANO, Pro Se

CERTIFICATE OF SERVICE

I hereby certify that a true correct copy of the foregoing document has been served via first-class U.S. Mail postage fully prepaid on the following adverse party of interest:

U.S. Attorney
219 S. Dearborn St.
Chicago, Illinois 60604

*[signature]*
STEVE LISCANO