IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| STEVE LISCANO, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 09 C 1347 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Petitioner Steve Liscano ("Liscano") filed a "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Dkt. No. 7 ("§ 2255 Mot.")) under 28 U.S.C. § 2255 based on ineffective assistance of counsel. The government has responded and, for the reasons set forth below, petitioner Liscano's § 2255 motion is denied.

BACKGROUND

On June 17, 2003, Liscano was found guilty on the charge of knowingly participating in a conspiracy to distribute and possess with intent to distribute in excess of five kilograms of cocaine. (*United States v. Liscano*, 02-CR-719-16, Dkt. No. 310.) The conviction was based on Liscano's alleged purchase of at least sixteen kilograms of cocaine from drug distributer Juan Corral ("Corral") over a ten-month period beginning in September 2001. *United States v. Bustamante*, 493 F.3d 879, 882 (7th Cir. 2007). Liscano appealed his conviction, arguing that the conspiracy charge was not supported by sufficient evidence. *Id.* at 884.

On appeal, the Seventh Circuit upheld Liscano's conviction, finding sufficient evidence to support Liscano's involvement in a conspiracy with Corral as well as his participation in a

larger drug conspiracy. *Id.* at 885-86. Viewing the evidence in the light most favorable to the government, the Seventh Circuit determined that Liscano's conviction was sufficiently supported by evidence that Corral regularly provided Liscano with large quantities of drugs on credit and that in wiretapped telephone conversations Liscano alerted Corral of police presence near Corral's residence and of the threat of a possible raid. *Id.* at 882, 886.

Liscano also argued on appeal that a variance existed between the larger conspiracy alleged in the indictment–described by the Seventh Circuit as a hub and spoke conspiracy– and the proof at trial. According to Liscano, the evidence at the trial only supported a conspiracy between Liscano and Corral rather than the larger conspiracy alleged in the indictment because the government did not prove a connection between Liscano and the other co-defendants who purchased drugs from Liscano. *Id.* at 885-86. The Seventh Circuit, however, determined that "there was no variance with respect to the proof against Liscano" and the conspiracy charged in the indictment. *Id.* at 886. Instead, the government's evidence of Liscano's May 13, 2002 and May 17, 2002 telephone calls to Corral in which Liscano cautioned Corral "that [Liscano] had seen law enforcement officers by Corral's residence," *id.*, and "told Corral to warn the other Latin Kings, including [co-defendant Abraham] Estremera, about a possible raid," *id.*, was sufficient for a reasonable jury to find that Liscano was a participant in the larger conspiracy charged in the indictment, *id.* Liscano has moved to set aside his conviction under 28 U.S.C. § 2255 based on the ineffective assistance of his counsel.

## LEGAL STANDARD

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the

2

prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon." § 2255(b).

Generally, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review under § 2255 in the absence of cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, a claim for ineffective assistance of trial counsel may be raised for the first time on collateral review. *Id.* at 509.

To succeed on a claim for ineffective assistance of counsel, the movant must show that (1) the attorney's performance fell below an objective standard of reasonableness; and (2) this deficient performance resulted in prejudice to the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). If the movant fails to establish either of these prongs, the court's analysis may end without considering the other prong. *Id.* at 697.

An attorney's performance will only be considered deficient for purposes of an ineffective assistance of counsel analysis if it falls "outside the wide range of professionally competent assistance." *Id.* at 690. Attorney performance is evaluated from a highly deferential point of view, and courts apply a "strong presumption" that attorney conduct was reasonable. *Id.* at 689. Care must be taken to avoid evaluating counsel's performance with the benefit of hindsight. *Id.* Instead, the court must consider the challenged conduct "from counsel's perspective at the time." *Id.* Attorneys are not obligated to "pursue every conceivable avenue; they are entitled to be selective." *United States v. Davenport*, 986 F.2d 1047, 1049 (7th Cir. 1993).

A petitioner alleging ineffective assistance of counsel must also demonstrate that his attorney's deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 693. To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at

694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. *Id.*

ANALYSIS

In his § 2255 motion, Liscano originally identified thirteen grounds for his ineffective assistance of counsel claim (*see* § 2255 Mot. 18-37),[1] but he has abandoned all of these grounds except Grounds Five, Eleven, Twelve, and Thirteen (Dkt. No. 19 ("Liscano's Reply") ¶ 10). Specifically, Liscano argues that his counsel was ineffective for failing to ask Corral certain questions on cross-examination (Ground Five), failing to argue that the government's theory of conspiracy was flawed (Ground Eleven), and failing to obtain jail telephone records during discovery (Ground Twelve). (§ 2255 Mot. 28-31, 33-34.) Liscano further contends that the cumulative effect of these errors denied him effective assistance of counsel (Ground Thirteen). (*Id.* at 34.)[2] Liscano also has requested an evidentiary hearing on these issues. (*Id.*) The court will address each of Liscano's arguments in turn.

I.  Ground Five – Failure to Ask Certain Questions During Cross Examination

Liscano first argues that his trial counsel was ineffective for refusing to cross-examine the government's witness, Juan Corral, with questions that Liscano had provided to his counsel. (§ 2255 Mot., Ex. A.)[2] These questions pertain to, *inter alia*, certain telephone calls between Liscano and Corral, the existence of an employment relationship between Liscano and Corral,

---

[1] Because Liscano's § 2255 motion (Dkt. No. 7) does not include page numbers, the court uses the page numbers from the electronic docket. The text of Liscano's § 2255 motion begins on page 11 of 57 and the exhibits begin on page 36 of 57.

[2] For purposes of Liscano's § 2255 motion, the court assumes that Liscano did provide these questions to his counsel as alleged.

4

and Liscano's knowledge of Corral's other drug distribution relationships. (*Id.*) Although Liscano's counsel did not pose the questions during his cross-examination of Corral, he did ask Corral some of these questions during Liscano's sentencing hearing on November 29, 2005. (*See* 11/19/05 Tr. 29:2-35:4.)

Specifically, during the sentencing hearing Liscano's counsel asked Corral if he recalled selling cocaine to Liscano, if Corral ever employed Liscano, if Liscano was active in the Latin Kings when he called Corral to alert him of the police presence on Corral's block, if Liscano knew the identities of Corral's other customers, if Liscano knew where Corral stored his cocaine, whether Corral's biggest customers were members of the Latin Kings, and whether Liscano had agreed to help Corral sell cocaine to others. (*See id.*) In response to these questions, Corral stated that he specifically recalled selling cocaine to Liscano, that he never employed Liscano, that he did not know whether Liscano was active in the Latin Kings when Liscano called to alert Corral of the police presence outside his home, that Liscano was not aware of the identities of Corral's other customers, that Liscano was not aware of the location in which Corral stored his cocaine, that Corral's biggest customers were not members of the Latin Kings, and that Liscano never explicitly agreed to assist Corral in selling cocaine to others. (*See id.*)

Liscano argues that Corral's answers to these questions at the sentencing hearing "generally undermined the government's version of the case and . . . seriously [brought] into question the validity of the testimony given by Mr. Corral during trial . . . ." (§ 2255 Mot. 29.) According to Liscano, if his counsel had asked Corral these questions at trial, it is reasonably probable that the outcome of the case would have been different. (*Id.*) The court disagrees.

To prove a drug conspiracy, "the government has to prove 'an understanding–explicit or implicit–among co-conspirators to work together to commit the offense.'" *Bustamante*, 493

5

F.3d at 884 (quoting *United States v. Curtis*, 324 F.3d 501, 505 (7th Cir. 2003)). "Factors indicating a drug conspiracy include transactions that involve large quantities of drugs, prolonged cooperation between parties, standardized dealings, a level of mutual trust, and sales on credit." *Id.* at 884-85. According to the Seventh Circuit, "evidence of prolonged cooperation or standardized dealings . . . is not necessary to sustain a conviction" on a drug conspiracy charge. *Id.* at 885.

At trial, the government presented evidence that Corral had provided large quantities of drugs to Liscano on credit on multiple occasions, that Liscano tipped-off Corral to the presence of police in the area, and that Liscano warned Corral of the possibility of a government raid. *Id.* at 882. Relying on this evidence, the Seventh Circuit concluded that "the government offered sufficient evidence to prove that Liscano . . . engaged in a conspiracy to distribute drugs," and was also involved in the larger drug conspiracy charged in the indictment. *Id.* at 885-86.

Contrary to Liscano's assertion, Corral's testimony during Liscano's sentencing hearing does not contradict the government's evidence supporting the conspiracy conviction. Corral's testimony indicates that Liscano did not work for Corral in any *formal* capacity, that Liscano was neither aware of Corral's other customers nor had he agreed to help Corral sell drugs to other customers, that Corral's operations could have continued without Liscano, and that the May 13, 2002 and May 17, 2002 phone calls between Liscano and Corral did not relate to a drug deal with Corral. None of Corral's responses, however, contradict the evidence which the Seventh Circuit found was sufficient to demonstrate that Liscano and Corral had "an understanding . . . to work together to commit the offense," *Bustamante*, 493 F.3d at 884 (quoting *Curtis*, 324 F.3d at 505); namely, Liscano's purchase of large amounts of cocaine from Corral on credit and his telephone calls to Corral, including the call where he alerted Corral of a

6

possible police raid. Because Corral's sentencing testimony did not contradict the government's evidence of Liscano's involvement in the conspiracy, counsel's failure to elicit such testimony at trial does not satisfy either of the *Strickland* prongs. In other words, counsel's decision to not pose these questions to Corral during trial was not objectively unreasonable nor does it undermine the court's confidence in the outcome of the trial. The court accordingly finds that Liscano's argument for ineffective assistance of counsel based on his counsel's failure to ask Corral certain questions during cross-examination lacks merit and does not warrant an evidentiary hearing.

II. Ground Eleven – Failure to Argue that the Government's Theory of Conspiracy Was Flawed

Liscano next contends that "counsel was ineffective for failing to argue: the Government's THEORY of [Liscano's] PARTICIPATION IN THE CONSPIRACY, IS FLAWED." (§ 2255 Mot. 33.) Similar to Ground Five discussed above, this argument is based on Liscano's contention that the government could not prove his participation in a drug conspiracy without proving that he was Corral's employee. As a result, Liscano argues, his counsel was ineffective for failing to make this argument to the jury.

First, Liscano's trial counsel actually did argue to the jury that Liscano could not be found guilty of a drug conspiracy if he and Corral shared merely a buyer-seller relationship. During closing arguments, Liscano's counsel made the following statements for the jury: "Were they working together? Did they have a common purpose? Did they share profits? Corral said no. The evidence says no." (Trial Tr. 1313:20-22.)

Additionally, as addressed above in connection with Ground Five, the presence of an employee-employer relationship is not necessary to prove a drug conspiracy, and the Seventh

7

Circuit determined on appeal that the government's evidence was sufficient to establish Liscano's participation in a conspiracy. *Bustamante*, 493 F.3d at 884-85. Ground 11, like Ground 5, does not satisfy either prong of the *Strickland* analysis and accordingly fails.

III.      Ground Twelve – Failure to Seek Discovery of Kane County Jail Telephone Records

Liscano next argues that his trial counsel was ineffective by failing to seek discovery on certain unspecified Kane County Jail telephone records. (§ 2255 Mot. 34.) Other than arguing that "the telephone calls were critical to . . . proving [he] was not guilty," Liscano provides no explanation of the contents of these telephone records or how they are connected to his alleged innocence. (*See id.*) The Seventh Circuit "has consistently held that such conclusory allegations do not satisfy *Strickland's* prejudice component." *United States v. Asubonteng*, 895 F.2d 424, 429 (7th Cir. 1990). Consequently, in this case, Liscano's unsupported allegations as to the importance of unidentified telephone records do not warrant an evidentiary hearing, and his Twelfth Ground also fails.

IV.      Ground Thirteen – Defense Counsel's Cumulative Errors Deprived Liscano of a Fair Trial

Finally, Liscano claims that "cumulative errors . . . taken together, deprived [him] of his guaranteed right to the effective assistance of counsel." (§ 2255 Mot. 34.) Cumulative errors of counsel are considered using the same two-pronged standard set out in *Strickland*. *Williams v. Washington*, 59 F.3d 673, 682 (7th Cir. 1995). As discussed above, however, the court has considered Liscano's enumerated grounds for challenging his counsel's effectiveness and found them to be meritless. Even considering these alleged errors in the aggregate, Liscano has not demonstrated that his counsel's performance fell below an objective standard of reasonableness or that his counsel's performance prejudiced Liscano's defense. Accordingly, Ground Thirteen

lacks merit.

## CONCLUSION

For the reasons explained above, Liscano's "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" under 28 U.S.C. § 2255 (Dkt. No. 7) is denied.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: July 18, 2011